Good morning, Mr. Wolfram, you may proceed. Morning, thank you. May it please the court, Ledridge Thomas pled guilty to being a felon in possession of a firearm. He had his guidelines increased under the sentencing guidelines for a finding that he had two prior convictions for controlled substance offenses. Much like the earlier argued case- Reed. Reed. This case concerns whether the Missouri state convictions for sale of a controlled substance and delivery of an imitation controlled substance qualify as controlled substance offenses under the Senate- Do you have any new thoughts to enlighten us on the problem? Well, I'm aware that I'm sort of coming to this the second this morning. You know, I don't believe there's a dispute as to the legal analysis. You have to look at the state law, and if the convictions are broader, then the guidelines definition, they don't qualify. And I don't think there's much dispute. I think Ms. Barron said it in the earlier argument, if a mere offer to sell absent more doesn't fit the guidelines definition. I'm going to try and approach things maybe a little differently. I do think there are three Missouri cases that need to be looked at. And I heard Judge Benton's discussion with Ms. Bindick about-  Hendricks, Hendricks. I understand the dispute as to the validity or how much precedential value some of these cases have. But I do want to talk just very briefly about all three. I think context is important. I think the chronological order of the cases is important, and that one came from the Missouri Supreme Court is very important. And I'm going to talk primarily about the Missouri Supreme Court Hendricks decision, but I want to put it in context. The Missouri Court of Appeals in the first Hendricks case said the question before us is whether- You acknowledge it's a nullity, I can read you my list of words again. You acknowledge that opinion is a nullity, void, shall not be cited, shall not be used, is of no presidential value. Is functus officio. Well, and at this point, I'm not so much arguing as placing the later Hendricks into context. Go ahead, proceed with your argument as long as you recognize it doesn't mean anything. I mean, the court in the Missouri Court of Appeals, Hendricks, said they were guided by previous Missouri appellate decisions. And they cited those decisions that said, sales shall be given an application undefined by definitions of the civil practice of commerce. And that it's not necessary that the elements of a commercial sale, fixed price delivery, delivery and payment be present in order to constitute a sale. And they also said they were giving the words their plain and ordinary meaning. And they said that they believe that was consistent with the legislature's intent when they passed the statute to reach to every step or device in the scheme of illegal distribution. And they also said that they realized that this could punish mere sarcastic words or offers. And that they believe the legislature realized that when they passed the statute. So the case went on to the Missouri Supreme Court. And the Supreme Court in Hendricks affirmed the conviction, which was based on mere words. Now, the government relies on the Salmons case. And the Hendricks cases were from the late 1990s. Salmons came down in 2002. And so the Salmons case followed chronologically, but not legally, the Hendricks opinions. And I believe that if you look at the cases closely, there are ways in which the Missouri Supreme Court opinion in Hendricks, which the majority in Salmons never mentioned, Judge Mooney did, but the majority in Salmons never mentioned. I believe that there are ways in which the Missouri Supreme Court opinion in Hendricks contradicts Salmons. And that the Missouri Supreme Court in Hendricks, to some extent, dealt with the issue. And as I said, Hendricks- They said there's no law on it, though. And they said it was not adequately briefed. And I don't dispute that, but I think the Missouri Supreme Court did more.  Sure, go ahead. Hendricks, like I said, the court in Salmons said on the record presented, there was no evidence that the defendant possessed or had access to any controlled substance for the second attempted purchase, and so they held the evidence insufficient. And the Salmons case also put forth the possibility where that the evidence was consistent with multiple different crimes. Sale of a controlled substance, attempted sale of a controlled substance, stealing by deceit. But the Missouri Supreme Court, in the Hendricks opinion, in response to Hendricks's argument that to allow a conviction would render the imitation controlled substances statute superfluous, that basically the multiple crimes argument. They wrote, the Missouri Supreme Court appellate argues that if possession, if a person offered to sell cocaine but actually delivered an imitation controlled substance, he would be subject to multiple convictions for sale of a controlled substance and sale of an imitation controlled substance. The Missouri Supreme Court said that contention is without merit. The legislature made crimes of both the selling of an imitation controlled substance and the offering to sell a controlled substance. When a person violates more than one criminal statute, it is within the prosecutor's discretion to determine which statutes under which the prosecutor wishes to proceed. The efficacy of the crime of selling an imitation controlled substance is not diminished by allowing a conviction for offering to sell a controlled substance without requiring presentment of the substance. That's from the Missouri Supreme Court opinion. So I, and I believe, Salmons contradicted that in ways. What is that, counsel? Right before that, the Supreme Court holds a six judge majority. One judge concurs in result, but five or six, plenty. It says the term offer is not defined nor has the meaning of that term in 212 as read together with 010.37 been decided by this court. So counsel, it says it's not decided. And I understand that, but I think they issued an opinion, and I think they did more than just say the briefs don't allow us to, I just, I think there are things in that opinion that, if Salmons- Well, it does address the imitation point that you talked about. Well. That argument. But above that, they say everything else, Appellant's argument, does not allow a decision. Well, they also addressed a case that Hendricks cited. And they said Hendricks cited a case, State versus White, that stood for the proposition that the state must show more than mere words, but rather a specific intent to sell a controlled substance. And the Missouri Supreme Court said, that's not what White stood for at all. No, no, it says where White takes us is left to surmise, which means the court's going to talk for a while and then not say anything. Well, they did say that, but they also said White requires only that when a substance- And then they say, once again, the statements are presented without reasoning. So, counsel, I don't believe that goes anywhere. Well, and I understand- It says it three, Judge Covington says it three times in the next sentences, but I won't read them to you. Go ahead. Well, and my position is they did a lot more than just say we can't render a decision. And they did things that I think Salmons should have dealt with if Salmons was going to be the law. And I think Salmons, the majority ignored them. And I think if you look at Judge Mooney's dissent in Salmons, without explicitly doing so, I think he is echoing what the Missouri Supreme Court said in Hendricks, that the legislature made a crime of offering to sell a controlled substance. But notice he just cites the dissenting opinion in the Supreme Court. Notice he does not cite the majority opinion. And I said without explicitly doing so, I think he was- Well, she criticizes the dissenting opinion. Yeah. And he referred to the statutes, and I think he was talking about plain meaning here. He used the words, those are the poll star, or the Bible of our court, the statutes. And as was said earlier, I believe Salmons added an element that the legislature did not include. Actual access to the drugs, or capacity, or intent, whatever you want to call it. And there is the Wolterman case, which says ambiguity as to whether a defendant's prior conviction qualifies should be resolved in favor of the defendant. And I see I'm short on time. I just think under the plain meaning, well, and I think it's important the jury instructions were never changed. You try one of these cases, even today, the protection that Salmons supposedly renders is not in the Missouri jury instructions. Now, when the Supreme Court in Hendricks said the matter had not been previously decided by this court, does that include the jury instructions, since the Supreme Court issues the jury instructions? Well, the Supreme Court does issue the jury instructions. So does that mean that as of 1997, the jury instructions did not resolve it either? Well, and the, but what I'm saying is, after this, the jury instructions, if the Missouri Supreme Court thought Salmons changed the law, they are in charge of the instructions. Thank you. You mean they would have amended them, is that your point? Yes, there's a committee, and then they submit the instructions to the Missouri Supreme Court. Thank you. Very well, thank you for your argument. Ms. Behrens, we'll hear from you. Thank you, may it please the court. We have already had a very thorough discussion of the government's position on this issue, so I do not want to belabor the point, although I would like to address a very few brief points. As the court knows, it's the United States Supreme Court that tells us how to evaluate the state statute. The first thing they say is look to how the state courts interpret their own statutes. We could not have a more clear opinion in the state against Salmons. Under no circumstances are we supposed to look at some theoretical possibility, as the defendant urges, but what the state has interpreted statute to be. There's been a lot of discussion about the jury instructions. I have taken the opportunity between these two arguments to look at the jury instructions, and I do understand that the jury instructions do not specifically or explicitly require not only the offer, but an intent to follow through, or language to that effect. But the fact of the matter- What would they say? I believe the instructions just say you have an intent. You knowingly intend to deliver that you knew those drugs. If you're doing a delivery, you knew the drugs were a controlled substance. Knowingly intend to deliver? Your Honor, I didn't bring a copy with me. I've looked at it quickly on my phone. You have to have a knowing component to conduct the act of deliver or distribute or whichever word that it is that you're using in the language. So if you substitute in offer to sell, how would it read? Well- You must knowingly offer to sell. That is not what would be substituted in there, Your Honor. It would always be delivery would be the word in the instruction. And then delivery would be defined at a subsequent point. Right. So it would be you have a no- Delivery would be defined as offer to sell. Correct, to include that. So the jury would be reading through and it would say we have to find that he knowingly offered to sell? Basically, yes. Although Judge Benton will correct me on that. I say if I have that wrong. Well, you're the one who just read them on the phone. So I thought you had it in mind. Well, I did. Yes. Well, yes. So, but the point is- So the concern is that if the jury just was told knowing, you have to find a knowing offer to sell, that they might not be told that the offer to sell must be accompanied by the intent to carry out the sale? Well, that's what the defendant is arguing. And I guess regardless of how you interpret that, the point I wanted to make was this. Contrary to what Mr. Wolfram says, Sammons does offer defendant's protections. Because the fact of the matter is whether those instructions have been amended or not is not relevant for purposes of this analysis. Because if a defendant at the end of the government's case and the government has failed to present evidence of intention or ability to follow through in connection with the offer, then the defense attorney moves for a judgment as a matter of law. And that would be successful under Sammons. So Sammons does offer protection. So the fact of the matter is, Sammons is controlling here and it does require more than an offer. It requires an ability or an intention to follow through and that's what's important here. So, in preparing for the argument, this will be of no excitement to anybody but myself. When I went to listen to old arguments of my own on a particular issue, I realized this is the 40th time I've argued in front of this court. Just in Chicago, I think I've been in front of you most of those. The fact of the matter is I've learned a lot of things, but at the top of the list is not to waste the court's time simply to hear myself speak. So I am more than happy to answer any further questions if you have them. But if not, I would respectfully cede the remainder of my time and ask the court to affirm the judgment of the district court in this case. Very well. Thank you. Thank you for your argument. I believe Mr. Wolfram used your time. We've heard plenty on this issue, I think, this morning, so we'll consider the case submitted and file an opinion in due course. Thank you both.